## In re SCHACHNE.

### No. 210.

Circuit Court of Appeals, Second Circuit.

Feb. 8, 1937.

See, also, 5 F.Supp. 680.

Abraham Schachne, of Brooklyn, N. Y., pro se (Joseph G. M. Browne, of Brooklyn, N. Y., of counsel), for appellant.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Frank J. Parker, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

After timely notice and a hearing before four District Judges of the Eastern District of New York, appellant was, by an order of February 2, 1934, suspended from practice for a period of five years with the right to apply for reinstatement thereafter upon showing that during the period of suspension he had "refrained from unprofessional conduct as an attorney-at-law." No appeal was taken from this order.

After two unsuccessful motions for reinstatement, appellant moved again for the vacation of the order of suspension because of alleged recantation of testimony by witnesses who testified against him in his disbarment proceedings and who later testified in other disbarment proceedings in the New York state court, where he was suspended for a period coterminous with his suspension by the District Court.

He was found guilty of unprofessional conduct in a bankruptcy proceeding wherein he appeared as attorney.

The evidence taken at the hearing upon which the court entered the order appealed from consisted of testimony received in a preliminary hearing before one of the District Judges; the proceedings continued before four judges of the District Court and again at a hearing in the disciplinary proceedings of the state court before the official referee. While the testimony in the last-mentioned hearing is not in full, appellant asserts the testimony of three witnesses taken in that proceeding "so far as material" is in this record. This application was heard by the four District Judges who suspended appellant and another recent appointee to the District Court, and they said there was "no reason for a vacation or modification of the original order."

The order of suspension was appealable. Thatcher v. United States, 212 F. 801 (C.C.A.6). The Circuit Courts have repeatedly entertained appeals from such orders, and their jurisdiction to do so has been assumed without discussion. Costigan v. Adkins, 57 App.D.C. 153, 18 F.(2d) 803; Thomas v. Ogilby, 59 App.D.C. 282, 44 F. (2d) 890 (C.C.A.D.Col.); Bartos v. U. S. District Court, 19 F.(2d) 722 (C.C.A.8); United States v. Hicks, 37 F.(2d) 289 (C. C.A.9). Contrary holdings by the Supreme Court establishing mandamus as the proper remedy (Ex parte Bradley, 7 Wall. 364, 19 L.Ed. 214; Ex parte Robinson, 19 Wall.(86 U.S.) 513, note, 22 L.Ed. 205; Thatcher v. United States, 241 U.S. 644, 36 S.Ct. 450, 60 L.Ed. 1218) are explainable by differences in appellate jurisdiction, Thatcher v. United States, 212 F. 801 (C.C.A.6).

Alleged contradictions or repudiation of testimony are pointed out between the testimony given by the same witnesses called against the appellant in the federal and state court disbarment proceedings. Appellant insists that the testimony in the state court proceedings disproved the charges made against the appellant, but we are not required to review the weight of this argument. Upon this record the suspension was within the power of the District Court and the application for its vacation rested within its discretionary power. We have the power to review an abuse of discretion in this, as in analogous matters. United States v. Mulligan, 48 F.(2d) 93 (C.C.A.2) certiorari denied 292 U.S. 654, 54 S.Ct. 865, 78 L.Ed. 1503; Central Trust Co. of New York v. U. S. Light & Heating Co., 233 F. 420 (C.C.A.2). Having found cause for appellant's suspension for five years, upon the showing made, there was no reason for vacation of that order. It is not within the scope of our review to re-examine the testimony, for there is no abuse of discretion shown in the action of the District Court. There is no justification for nullifying the measure of restraint and justifiable discipline exhibited in the original order.

Order affirmed.