## In re PATTERSON.

### PATTERSON v. STANDING COMMITTEE OF DISCIPLINE TO BAR OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON.

No. 12175.

United States Court of Appeals
Ninth Circuit.

Sept. 21, 1949.

B. A. Green and Mason Dillard, Portland, Oregon, for appellant.

David Lloyd Davies, Samuel H. Martin, Robert A. Leedy and James C. Dezendorf, Portland, Oregon, for appellee.

Before STEPHENS, HEALY and POPE, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant, an attorney at law at the Oregon Bar and an assistant United States attorney admitted to practice in the

United States District Court for the District of Oregon, was permanently disbarred from the practice of the law in that court after investigation and recommendation by a "Standing Committee" of the Bar, by the joint action of the court's two judges. The disbarment judgment is based upon the theory that the acts of appellant, as set out in the charge against him, are incompatible with his official duty as assistant United States attorney. It is claimed on appeal that the evidence is insufficient to support the judgment. The principles properly applicable and applied by us are set out in the margin.[1]

There is evidence to support the following:

(A) Appellant represented the plaintiff in a tort action in which the judgment went for the defendant on the factual merits. The defendant, a steamship company whose ship was in government service, set up the claim that the United States should have been made the party defendant but was not. The point has been the subject of much doubt but the government was too closely positioned to the facts for a government attorney to take the case. Later, when criticism was directed to his actions, appellant informed the plaintiff that he could not represent him against the War Shipping Board.

(B) Appellant had acted as an attorney for a Mr. Bowden and upon the latter's being charged with a crime in the Oregon State Courts he re-employed his former lawyer. Appellant secured another attorney to handle the case. It appears that an Attorney General's manual forbade a government attorney's appearance for a defendant in a state criminal prosecution. Permission to do so is sometimes given, however. Appellant claims he knew nothing of the manual. Knowledge of the matter reached the United States Attorney and it was arranged that appellant should take leave from office while acting in the state court, the United States Attorney advising him not to take an active part in the trial. Appellant complied to the extent of limiting his participation to cross-examination of one witness for five minutes.

(C) A seaman parolee was seeking funds from the registry of the United States District Court for the Northern District of California and went to the Oregon United States Attorney's office for advice. Appellant advised him to personally go to San

1. An order of disbarment is appealable to this court. Thatcher v. United States, 1914, 6 Cir., 212 F. 801; In re Schachne, 2 Cir., 1937, 87 F.2d 887; In re Chopak, 1947, 2 Cir., 160 F.2d 886, certiorari denied 331 U.S. 835, 67 S.Ct. 1516, 91 L.Ed. 1848; Howard v. Wilbur, 1948, 6 Cir., 166 F.2d 884.

The power to disbar or otherwise discipline an attorney is possessed by all courts which have authority to admit attorneys to practice. Bradley v. Fisher, 1871, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646; Ex parte Robinson, 1873, 19 Wall. 505, 86 U.S. 505, 22 L.Ed. 205; Ex parte Wall, 1883, 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552; Conley v. United States, 8 Cir., 1932, 59 F.2d 929; In re Fletcher, 1939, 71 App.D.C. 108, 107 F.2d 666; In re Claiborne, 1 Cir., 1941, 119 F.2d 647; In re Spicer, 6 Cir., 1942, 126 F.2d 288.

The exercise of the power to disbar is circumscribed only by sound discretion, moderation and judgment in finding that discipline is warranted and in determining the measure of discipline. Ex parte Burr, 1824, 9 Wheat. 529, 22 U.S. 529, 6 L.Ed. 152; Ex parte Secombe, 1856, 19 How. 9, 60 U.S. 9, 15 L.Ed. 565; Ex parte Bradley, 1868, 7 Wall. 364, 74 U.S. 364, 19 L.Ed. 214.

Since disbarment proceedings are not for the purpose of punishment but to maintain the integrity of the courts and the profession, it behooves a court never to decree disbarment when any discipline less severe would accomplish the purpose in mind. Cf., Bartos v. U. S. D. C., 8 Cir., 1927, 19 F.2d 722. But, in a clear case, not only may a court possessing the power disbar an attorney, it must.

The scope of appellate review in disbarment proceedings is limited to the inquiry whether there was an abuse of discretion, or grave irregularity. Ex parte Burr, 1824, 9 Wheat. 529, 22 U.S. 529.

Although we are not empowered to reweigh the testimony, we may and should examine it within the bounds of our reviewing power. In re Spicer, 6 Cir., 1942, 126 F.2d 288.

"The profession of an attorney is of great importance to an individual, and the prosperity of his whole life may depend on its exercise." Ex parte Burr, supra.

Francisco and there employ an attorney. The seaman was not disposed to take the advice and stated that he would see his brother's lawyer. Appellant told him (quoting from appellant's testimony): " * * * if he didn't get any satisfaction to come and see me at my private office * * * and I would see what I could do for him * * * ", and appellant gave him his private professional card and stated a fee would be around $175. There was no further contract between the two. It was not unusual for United States Attorneys to represent seamen in such matters without charge.

(D) One Costello had pleaded guilty to a criminal charge in United States court and pre-sentence investigation was ordered. Costello asked appellant to recommend an attorney. Among several lawyers recommended was appellant's office associate, though not his partner, a lawyer of long and honorable standing at the Oregon Bar. The associate appeared in court for Costello as did appellant for the government. The probation officers reported favorably for Costello. In the proceedings the Court asked appellant if he desired to make any recommendation, to which he replied in the negative.

We agree with the Court and with appellant's counsel upon oral argument in this appeal that due concern as to proper conduct of an attorney at law should have led appellant to avoid doing what he did in the four instances above related. Appellant's conduct, however, cannot be said to constitute moral turpitude. It constitutes the "cutting of corners" for small fees under the rationalization that no statute was being violated and no one would be injured. Discipline was justified but we think disbarment much too severe. Appellant, a young attorney with an otherwise unblemished reputation, has refrained from United States Court practice since the charges were lodged against him on the 4th day of December, 1947, and he has had and is having a severe ordeal to live through. We think a reprimand from the Court would have been quite sufficient to accomplish the purpose of the disciplinary action. It would have impressed, and in all likelihood the proceedings so far taken will impress, upon appellant the high importance of conforming in all circumstances to the thesis that a lawyer should not only avoid diluting the full strength of his duty to his client with the slightest obligation to the adversary party but he should carefully avoid the mere appearance thereof.

Reversed.