IN THE MATTER OF ABRAHAM J. ISSERMAN, AN ATTORNEY AND COUNSELLOR AT LAW OF NEW JERSEY.

Decided April 28, 1952.

PER CŪRIAM. The respondent has filed a motion for a rehearing of the disciplinary charges decided against him by this court.

This matter has been before the court for two full years. The respondent was afforded an opportunity to be heard in November, 1949, before the Essex County Ethics Committee. He did not appear personally but through counsel requested that the matter be continued because of the pendency of proceedings in the federal courts, and he offered in evidence certain documents showing the status of matters there. The committee, however, instead of granting a continuance reported the matter to this court for appropriate action, and as a result an order to show cause was issued as to why the respondent should not be disbarred or otherwise disciplined.

At the respondent's request the order to show cause, entered April 24, 1950, and returnable May 8, 1950, was continued pending the disposition of the proceedings in the federal courts. It was not until more than a year later, after the United States Court of Appeals had affirmed the respondent's convictions of contempt and the United States Supreme Court had denied *certiorari*, that this court issued a new order to show cause, returnable June 18, 1951. Prior to the return date the respondent filed a motion for a continuance on the ground that he had not had an opportunity to properly prepare his defense, pointing out that he had applied to the United States Supreme Court for a rehearing of his petition for *certiorari*. This court reserved decision on the motion pending the argument on the order to show cause.

In addition to the motion for a continuance the respondent filed an answer on the order to show cause together with a 20-page brief which concluded, "The charges herein should be dismissed." This plainly indicated, as did the respondent's entire brief, that he considered the matter ripe for decision without the taking of further evidence. At the oral argument the respondent's counsel took his full 45 minutes to argue the merits of the charges. While he reminded this court that his motion for a continuance was still pending and while he renewed his request that the hearing of the matter by this court be postponed, he neither asked for an opportunity to produce additional evidence nor suggested that the respondent had been denied the opportunity to do so. The sole request made of this court was that the argument on the order to show cause be continued until the federal proceedings should have been disposed of.

Following argument on the order to show cause and while the motion for a continuance and the order to show cause were still undisposed of, this court was advised by the respondent's counsel that the United States Supreme Court had granted a stay of the respondent's sentence pending the disposition of his motion for a rehearing on his petition for

certification. To give the respondent every opportunity to defend himself against the charges of unprofessional and unethical conduct pending against him, this court granted his motion for a continuance until his application to the United States Supreme Court had been disposed of, in the meantime suspending the respondent from the practice of law.

Over eight months later, on March 10, 1952, the United States Supreme Court affirmed the respondent's six convictions for contempt, and we accordingly set down the long-pending disciplinary matter in this court for argument on March 17, 1952. At the argument counsel for the respondent, who again took his full 45 minutes, filed with the court and served on opposing counsel an amended and supplemental answer, which this court received without opposition despite the fact that our rules require all material to be used on oral arguments be made available to the court in advance of the oral argument. Counsel conceded that he had received a full hearing at the prior argument on June 15, 1951, but he contended that he had a right to show what he called "extenuating circumstances" in view of the fact that the United States District Court for the Southern District of New York had in the interim dismissed 38 of the 40 charges made against the respondent in the disciplinary proceedings there. This court did not consider this circumstance to warrant the further postponement of the disciplinary proceedings which had now been pending before it for approximately two years. This court had before it not only the opinions of Judge Medina in the District Court and of Judge Augustus N. Hand, Judge Frank and Judge Clark of the Court of Appeals, and of Mr. Justice Jackson, Mr. Justice Black, Mr. Justice Frankfurter and Mr. Justice Douglas in the United States Supreme Court, but also the opinion of Judge Hincks suspending the respondent from the practice of law before the United States District Court for the Southern District of New York for two years. Moreover, the respondent for the second time had been given the oppor-

tunity to present to this court any such matters in defense or in extenuation as he might have considered necessary or appropriate for our consideration. Accordingly, following this second argument on the order to show cause, this court unanimously voted to disbar the respondent and on March 24, 1952, rendered decision to that effect.

■ The only new matter brought before us on this motion for reargument that was not previously before us is the fact that on October 9, 1933, the respondent was pardoned of his prior conviction of statutory rape. While this fact was not known by the court, it obviously was known by the respondent and should have been made known by him to his counsel. In any event, it afforded no sufficient basis for granting a rehearing on the disciplinary charges arising out of the respondent's convictions for contempt before the Federal District Court.

In his motion for reargument the respondent takes exception to this court's quoting in its opinion portions of the opinions filed in the contempt proceedings by the trial judge and the three judges in the Court of Appeals characterizing the respondent's contemptuous conduct, on the ground that two of these judges did not consider the respondent guilty of the first specification of contempt charging conspiracy which was reversed by the Court of Appeals. We quoted from these opinions, however, as did Mr. Justice Jackson in his opinion for the Supreme Court, merely for the purpose of indicating that every judge who has had occasion to review the facts has castigated the respondent's conduct at the bar in no uncertain terms. This court fails to see how this constitutes grounds for a rehearing.

■■ Although the point has repeatedly been made clear to him, the respondent apparently fails or refuses to recognize the fact that he has been disciplined by this court because of his conviction and sentence for contempt. As we stated in our principal opinion in this case, his guilt has already been found and determined by a court of competent jurisdiction and affirmed on appeal. Despite the respondent's efforts to

that end, we do not intend to retry in the disciplinary proceedings here the issue as to his guilt. It has always been the practice in this State and in this court when disciplinary proceedings are premised on a respondent's conviction in a court of competent jurisdiction to accept that conviction as a fact and to limit our inquiry and consideration to the question of whether that conviction merits discipline and, if so, the extent thereof. In the present case, after giving due consideration to the arguments made and the briefs filed by the respondent, we were of the unanimous opinion that the nature of his conviction was so closely related to and so potentially destructive of the judicial process as to require a termination of his status as an officer of this court.

Since the respondent was first called upon in this State to answer in disciplinary proceedings for his contempt convictions before the United States District Court for the Southern District of New York, he has had 28 months and three opportunities to present his defense. More he cannot expect. The petition for rehearing is accordingly denied.

*For denial*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD and BURLING—5.