Richard GLADSTEIN, Petitioner,

v.

Hon. J. Frank McLAUGHLIN, as Judge of the United States District Court for the District of Hawaii, Respondent.

No. 14639.

United States Court of Appeals Ninth Circuit.

April 8, 1955.

Gladstein, Andersen, Leonard & Sibbett, I. M. Peckham, James B. Burns, Benjamin Dreyfus, San Francisco, Cal., Myer C. Symonds, O. P. Soares, Honolulu, Hawaii, for petitioner.

Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, Lloyd H. Burke, U. S. Atty., Robert H. Schnacke, Asst. U. S. Atty., San Francisco, Cal., for respondent.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

DENMAN, Chief Judge.

Gladstein, an attorney practicing in this court, the District Court of Hawaii and several other district courts, petitions for a writ of mandamus or prohibition against the respondent, a federal judge of the District of Hawaii, having under consideration an order to Gladstein to show cause why the court should not disbar or suspend him from practice in that court, an order issued sua sponte by respondent. The ground of the disbarment proceeding is that Gladstein had been committed to jail for a contempt committed in the trial of United States

vs. Dennis in the District Court of the Southern District of New York.

■ The ground of the petition here is that the respondent has no jurisdiction to entertain the disbarment proceeding because of the judge's personal bias and prejudice against Gladstein stated in his affidavit which the judge, in a hearing on its sufficiency, held insufficient. The affidavit is clearly sufficient to disqualify the district judge.

Outstanding is his order, made without any hearing on the merits of the order to show cause, but at a hearing on the sufficiency of the affidavit at which Gladstein appeared, that he be suspended from further practice in the Hawaiian district court save in the case of United States vs. Fujimoto in which Gladstein was then appearing as counsel for the defendants. This case, now pending in this court, involved the question whether the defendants were members of the Communist party seeking to overthrow by force the Government of the United States.

When Gladstein showed concern as to the effect elsewhere on his practice of this sua sponte suspension without a hearing on the merits, the judge stated, "Isn't it late for him to be thinking about it now? The consequence might have been reflected earlier by Mr. Gladstein. When he was performing in New York."

Further the judge stated concerning Gladstein's representation of clients in Hawaii that Gladstein had been "living on borrowed time, so to speak."

In the above hearing on the sufficiency of Gladstein's affidavit, Judge McLaughlin treats it as including the affidavit of former United States District Judge Metzger, in which the latter stated that Judge McLaughlin stated to him "that it was questionable if any American lawyer had a right to appear in any United States court and defend a person who was proved to be a member of the Communist Party which Party had been proved in the Dennis case to advocate and teach the overthrow of the government by force and violence; and that in making such an appearance, if the lawyer by misconduct or disrespect to the court was found to be in contempt of court, that lawyer should be disbarred from practice in every United States court of the land."

■ The Dennis case referred to is the one in which Gladstein was held guilty of contempt. He was then representing clients similarly accused and held guilty in the case of United States v. Fujimoto. This court in Connelly v. United States, infra, has stated the obvious duty of members of the bar to defend the accused in such cases. Equally obvious is that the finding of a contempt of court may be for no more than a nominal fine not warranting any action by any other court. Here an unprejudiced judge, considering the 33 pages of Justice Frankfurter's statement [1] of the provocative language of the judge finding Gladstein's contempt, well could hold that he should not be suspended at all from practicing in the Hawaiian court.

The respondent judge contends that we should not consider the sufficiency of the affidavit in a proceeding seeking a writ of mandamus, but that the hearing on the order to show cause should proceed before him and the sufficiency of the affidavit then considered on appeal. That is to say, that we should then consider the record made up by a judge we know to be prejudiced and which well could be infected with his prejudice and thereby cast unjust reflection on Gladstein prejudicial to his further employment.

■ We do not agree that Gladstein should be put to the time and expense of such a proceeding. We have stated that mandamus is his proper remedy in the case of Connelly v. United States District Court, 9 Cir., 191 F.2d 692. Here are

---

1. Sacher v. United States, 343 U.S. 1, 35, 52, 72 S.Ct. 451, 96 L.Ed. 717.

the special circumstances of irreparable injury in the deprivation of Gladstein's right to practice, that is his property loss and the likely irreparable unjust smearing of his reputation during the course of the proceeding below and the months of appellate procedure in this court.

Nor do we think the filing of the affidavit was untimely. We think the good cause of 28 U.S.C. § 144 for the delay in filing is shown. The court had indicated that its decision on the disbarment would depend on the decision in the case of In re Isserman, 348 U.S. 1, 75 S.Ct. 6, 99 L.Ed. 3. When that case was decided in favor of Isserman, the court stated that it relied upon Sacher v. Association of the Bar of City of New York, 347 U.S. 388, 74 S.Ct. 569, 98 L. Ed. 790. It was not until then that Gladstein filed his affidavit. The circumstances warranted his waiting.

However, we think it not necessary to issue a writ but that the respondent, upon consideration of the above, will refrain from further continuing in the disbarment proceeding as did Senior Circuit Judge Manton on a similar suggestion of the Supreme Court in Johnson v. Manhattan Ry. Co., 289 U.S. 479, 505, 53 S.Ct. 721, 77 L.Ed. 1331.

POPE, Circuit Judge,

I concur.

While in Connelly v. United States District Court, 9 Cir., 191 F.2d 692, it was stated that a writ of prohibition could properly issue in a case of this kind, yet after reading Korer v. Hoffman, 7 Cir., 212 F.2d 211, I am inclined to think our footnote in the Connelly case may have misconstrued the language of Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481. The conclusion reached in Judge Denman's opinion happily relieves us of the necessity of reexamining the views expressed in the Connelly case.