Mayo S. LEVENSON, Respondent,
Appellant,

v.

Peter MILLS, United States Attorney,
Movant, Appellee.

No. 5810.

United States Court of Appeals
First Circuit.

Aug. 24, 1961.

Alan J. Levenson, Portland, Me., for appellant.

Peter Mills, U. S. Atty., Portland, Me., with whom Elmer E. Runyon, Asst. U. S. Atty., Portland, Me., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This is an appeal from an order entered after full hearing disbarring the appellant from practicing in the United States District Court for the District of Maine and striking his name from the roll of attorneys permitted to practice in that court.

The procedures adopted by the court below were fully agreed to in advance by counsel on both sides. There is no need

to review those procedures here. It will be enough to say that the appellant was given ample notice of the charges laid against him and afforded every opportunity for explanation and defense. The procedures adopted by the court below were eminently fair in every respect and in no way prejudicial to the appellant's rights. See Randall v. Brigham, 1868, 7 Wall. 523, 540, 19 L.Ed. 285; Ex Parte Wall, 1883, 107 U.S. 265, 271, 272, 2 S.Ct. 569, 27 L.Ed. 552.

The basic question on this appeal is whether the evidence supports the trial court's finding that the appellant had threatened and attempted to intimidate the Referee in Bankruptcy with respect to a matter pending before him, had used abusive, scandalous and indecent language in addressing the Referee in an attempt to influence, obstruct and impede the administration of justice and had threatened to conduct a campaign of vilification against the Referee aimed at preventing his reappointment and the destruction of his personal and professional reputation. A full rehearsal of the evidence would serve no purpose other than to give further publicity to the appellant's misconduct. The following general comments will suffice.

A careful examination of the record shows that the court below was fully aware of the delicate and important question it was required to decide. It shows that the court fully appreciated the vital importance of maintaining the purity of the judicial process and the reputation of the bar for respectability and integrity. And it shows that the court was not by any means unmindful of the grave consequences to the appellant, not only professionally but also personally, of loss of the right to practice before the court. With this in mind the court was exceedingly careful, and on occasion may even have leaned over backward, to give the appellant every opportunity to present any evidence he or his counsel thought pertinent in the way of mitigation, explanation and defense.

■ The evidence is sharply conflicting on the key issues. In this situation the court below could only decide those issues on the basis of the relative credibility of the witnesses and, that, of course, is a matter it is peculiarly competent to decide. Indeed, in this case it is especially appropriate for us to heed the admonition in Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to give "due regard * * * to the opportunity of the trial court to judge of the credibility of the witnesses", for one of the most important witnesses was the court's Referee in Bankruptcy and many of the others were members of the Maine bar and so could not have been strangers to the district judge who practiced actively at that bar before his elevation to the bench. The findings of fact made by the court below cannot by any means be said to be "clearly erroneous."

A question of the admissibility of certain testimony calls for brief consideration.

■ The Trustee of an estate in bankruptcy testified to telephone conversations with the appellant on December 20 and December 21, 1960, in both of which he said the appellant threatened to conduct a campaign of vilification against the Referee to prevent his reappointment. When the appellant took the stand in his own defense he admitted his telephone conversations with the Trustee but not their content. He said that he did not mention the Referee at all in the telephone conversation with the Trustee of December 20, but conceded that he talked with the Trustee about the Referee's behavior in the telephone conversation on December 21 but not in the abusive and threatening vein testified to by the Trustee. In rebuttal the Trustee was called back to the stand to testify in corroboration of his earlier testimony that immediately after the telephone conversation of December 20 he rushed up to the bankruptcy court and reported to the clerk of that court in confidence that the appellant was making threats against the Referee. This testimony was excluded, and thereupon the clerk of the bankruptcy court was called to the stand to testify to the same conversation with the Trustee.

After considerable hesitation the court below over the strenuous objection of the appellant admitted the clerk's testimony, but only for the limited purpose of corroborating the Trustee's testimony that the appellant had discussed the Referee in their telephone conversation of December 20 as well as on December 21.

It is a close question whether the clerk's testimony was admissible under the holding of the Supreme Judicial Court of the State of Maine in Dwyer v. State of Maine, 1958, 154 Me. 179, 145 A.2d 100, on which the court below relied for its ruling. We need not undertake to resolve that question, however, for if it was error to admit the evidence the error was harmless for the reason that nothing vital to the appellant hinged on whether he mentioned the Referee in his telephone conversation with the Trustee on December 20 or not until the next day. The issue resolved by the court below against the appellant, obviously on the basis of credibility, is the language used by the appellant, i. e., whether he castigated the Referee in violent and abusive language and threatened to conduct a campaign against him in talking with the Trustee over the telephone. It is not particularly significant whether he did so once or twice or on one day rather than the next. Perhaps the clerk's testimony has some tendency to corroborate the Trustee's version of the conversation as vitriolic and threatening instead of mild, as the appellant asserted. But the court below was careful not to use the clerk's testimony for the purpose of determining the tenor of the appellant's remarks but only on the question of the timing of the remarks. In the context of this case that is not a vital matter. The error, if it was error to admit the clerk's testimony, could not have affected any substantial right of the appellant. It was harmless. See Rule 61, Federal Rules of Civil Procedure.

As to the appellant's further contention that the order of the court below is unnecessarily severe, it is enough to say that although the order is permanent in form it is not irrevocable. It does not necessarily prevent the appellant from reinstatement on proof of "a sincere and timely change of attitude." See footnote 5 of Mr. Justice Reed's dissenting opinion in Sacher v. Association of the Bar of the City of New York, 1954, 347 U.S. 388, 393, 74 S.Ct. 569, 573, 98 L.Ed. 790.

Judgment will be entered affirming the order of the District Court.