993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobbie G. BROWN, Defendant-Appellant.
 No. 92-5828.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1993.
 
 Before KEITH and BATCHELDER, Circuit Judges, and CHURCHILL, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant-Appellant Bobbie G. Brown appeals his sentence following his guilty plea to mailing threatening communications. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On May 9, 1991, and July 22, 1991, Brown mailed threatening communications from state prison to his girlfriend, Jennette Crider. At the time of the offense, Brown was serving a 17 year sentence for aggravated arson and aggravated assault, for stabbing Crider and setting fire to the house where she lived. On October 6, 1991 and November 4, 1991, Brown wrote additional letters to Crider which were deemed threatening in nature. Brown was charged on November 13, 1991, with one-count of making threatening communications by mail, in violation of 18 U.S.C. § 876.
 
 
 3
 On April 14, 1992, Brown pled guilty to the indictment. On May 15, 1992, Brown's presentence report was submitted to the court. Brown filed no objections to the presentence report.
 
 
 4
 Prior to sentencing, Judge L. Clure Morton informed the defendant by memorandum of the court's intention to sentence him to the maximum term, regardless of the contents of mental health records which the court ordered for in camera inspection. In the memorandum, the court stated that:
 
 
 5
 ... having examined the presentence report and judged the evidence theretofore received by the court, the court will sentence the defendant to the maximum term.
 
 
 6
 Brown subsequently filed a motion asking Judge Morton to recuse himself, based on his memorandum. The court denied the motion to recuse, and enhanced the base offense by six levels for evidencing an intent to carry out threats. The court sentenced Brown to fifty-one months incarceration and three years supervised release. Brown filed a timely notice of appeal.
 
 II.
 
 7
 Brown claims that the court prejudged his case, and therefore did not provide him a full and fair sentencing hearing, under the requirements of 28 U.S.C. §§ 144 and 455, and the Due Process Clause of the Fifth Amendment. 28 U.S.C.A. § 144 (1968) reads in pertinent part:
 
 
 8
 Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
 
 
 9
 28 U.S.C.A. § 455(a) & (b) (Supp.1987) reads in pertinent part:
 
 
 10
 (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 
 
 11
 (b) He shall also disqualify himself in the following circumstances:
 
 
 12
 (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 
 
 13
 In the affidavit submitted by defense counsel, Brown argued that the court's memorandum stating its intention to sentence him to the maximum term constituted a personal bias or prejudice on the part of Judge Morton.
 
 
 14
 The standard for recusal by a judge is whether a "reasonable person with knowledge of all the facts would conclude that a bias exists." Browning v. Foltz, 837 F.2d 276, 279 (6th Cir.1988). The emphasis is therefore "on objective appearance or evidence of bias, not on the subjective view of a party, although bias may be shown either by in-court statements or in opinions or orders." Id. Brown argues that the fact that Judge Morton indicated his intention to sentence him to the maximum term before the sentencing hearing took place, illustrates the requisite impermissible bias. Judge Morton, however, did not state anything in his memorandum indicating that he had a personal bias against Brown.
 
 
 15
 Brown argues that bias exists whenever a judge announces beforehand what the outcome of the proceeding will be, citing United States v. Holland, 655 F.2d 43, 47 (5th Cir.1981), United States v. Thompson, 483 F.2d 527, 529 (3d Cir.1973), and Gladstein v. McLaughlin, 230 F.2d 762 (9th Cir.1955) as support for this position. Neither of these cases, however, support that conclusion. Instead, all three cases address the issue of whether remarks of a judge showing personal prejudice mandated his recusal. Brown has no support for his argument that Judge Morton's memorandum, announcing his intention to sentence Brown to the maximum term, constituted personal bias or prejudice.
 
 
 16
 Brown also argues that the court's indication of its intent to sentence him to the maximum term violated his due process right against predetermination of an issue. Brown contends that the district court's stated intention to sentence him to the maximum term prior to sentencing showed that the court ignored any additional information that may have been presented at sentencing.
 
 
 17
 In United States v. Pugliese, 805 F.2d 1117, 1124 (2d Cir.1986), a sentencing judge's expressed prejudging of disputed factors before argument or evidence at the sentencing hearing violates due process. In Pugliese, the district judge announced that no matter what the evidence at the sentencing hearing showed, his position would not change. Id. at 1119.
 
 
 18
 This case is distinguishable from Pugliese in that here the judge did not unequivocally state that he was unwilling to change his mind. In denying Brown's motion to recuse, the court stated the following prior to sentencing:
 
 
 19
 COURT: All right, sir. On that basis, the court was required to consider the presentence report, and evidence heard on the guilty plea, and required to prepare a necessary memorandum in connection with the guilty plea, was he not?
 
 
 20
 MR. MARTIN: I'm not clear that the court is required to do anything beyond review those materials.
 
 
 21
 COURT: Doesn't the 6th Circuit recommend that the court give consideration to these matters with great deliberation, and prepare these statements to back up the various sentencing classifications?
 
 
 22
 MR. MARTIN: Yes, sir.
 
 
 23
 COURT: And the court had a perfect right to do that on the 29th because no objections had been filed; is that right?
 
 
 24
 MR. MARTIN: No, sir, no objections had been filed by me.
 
 
 25
 COURT: Then tell me what the court did wrong? Just tell me what the court did wrong.
 
 
 26
 MR. MARTIN: Well, it appears from that statement that the court had decided it was going to impose the maximum sentence allowable.
 
 
 27
 COURT: Based on the presentence report, and based on the facts that he had heard?
 
 
 28
 MR. MARTIN: Yes, sir.
 
 
 29
 COURT: Now then, if you have any further facts you want to bring to my attention, you bring them to my attention, and I'll be glad to hear them, but based on what I saw in those two documents, I was required to make up my mind, and I did make up my mind. Now then, it doesn't say that my judgment was locked in concrete. (emphasis added).
 
 
 30
 (T.R. 18-19). The above response of Judge Morton indicates that, although he stated in a memorandum that he was going to sentence Brown to the maximum term, he was in fact willing to listen to any additional evidence and change his opinion accordingly. Therefore, there was no violation of Brown's due process rights.
 
 
 31
 Brown next argues that the court erred as a matter of law by enhancing his offense level by six in that the court relied primarily on conduct which occurred prior to the threatening letters in finding that there was conduct evidencing an intent to carry out the threat. U.S.S.G. § 2A6.1(b)(1) states that "if the defendant engaged in conduct evidencing an intent to carry out such threat, increase by 6 levels." Brown contends that the court looked primarily at past conduct.
 
 
 32
 The court found that Brown made the threats as a result of his continuing anger toward the victim and that the letters evidenced an intent to carry out his threats when released. We believe that the district court was entitled to consider Brown's conduct toward Crider which had led to his state court conviction and to the threats which were the subject of the instant offense. See United States v. Fonner, 920 F.2d 1330 (7th Cir.1990) and United States v. Harris, 763 F.Supp. 546 (M.D.Ala.1991). The court noted that Brown wrote additional threatening letters after confessing to the FBI that he wrote the letters which were the basis of his indictment. We hold that the court did not err in looking at both past conduct and conduct contemporaneous with the threats.
 
 III.
 
 33
 For the foregoing reasons, we AFFIRM the sentence imposed by the Honorable L. Clure Morton, United States District Judge for the Middle District of Tennessee.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation