**STEPHEN L. LaFRANCE HOLDINGS, INC., et al., Plaintiffs**

**United States of America, Intervenor**

v.

**Garret SORENSEN, et al., Defendants.**

**No. 4:11–CV–00807–BRW.**

United States District Court,
E.D. Arkansas,
Western Division.

May 25, 2012.

David P. Martin, Joe Ryan Solomon, Rose Law Firm, David D. Wilson, James M. Simpson, Jr., Friday, Eldredge & Clark, LLP, Little Rock, AR, for Plaintiffs.

Patrick R. James, James, Fink & House, P.A., Erin Cassinelli, Lassiter & Cassinelli, Charles A. Banks, Banks Law Firm, PLLC, Little Rock, AR, Ted Boswell, Boswell Law Firm, Bryant, AR, for Defendants.

Angela S. Jegley, Patricia Sievers Harris, U.S. Attorney's Office, Little Rock, AR, for Intervenor.

**1.** Doc. Nos. 93, 94.

**2.** Doc. No. 67.

**3.** Doc. No. 84.

## ORDER

BILLY ROY WILSON, District Judge.

Pending is the Government's Motion for an Indicative Ruling on Relief from Judgment Under Federal Rule 60(b) and Rule 62.1 (Doc. No. 91). Defendants Garret Sorensen and Katherine Sorensen have responded.[1] For the reasons set out below, the Motion is GRANTED.

A December 13, 2011 Order found that the Government wrongfully removed this case directly into a pending criminal case in an attempt to thwart legitimate state-court civil discovery, and remanded this case to the Circuit Court of Pulaski County, Arkansas.[2] A February 1, 2012 Order imposed Rule 11 sanctions against the Government for the wrongful removal.[3] The Government appealed[4] and the case is now at the Court of Appeals for the Eighth Circuit.

The Government's Motion asks for a ruling under Federal Rule of Civil Procedure 62.1 indicating that I would grant relief under Rule 60(b). Rule 62.1 allows a district court to grant, deny, or defer considering a motion for relief which alleges that the district court lacks jurisdiction, because the issue is on appeal.[5] The Government asks for relief under Rule 60(b), which reads in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons ... (5) applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Government sets out multiple reasons for relief under Rule 60(b): there is no continuing need for deterrence, which means that the sanction is no longer equitable; the sanction has a continuing effect on the professional reputations of the individual attorneys who were involved in the decision to remove; Congress has not waived the Government's sovereign immunity from the imposition of Rule 11 sanctions; the underlying

**4.** Doc. No. 85.

**5.** Fed.R.Civ.P. 62(a).

controversies have been, or are in the process of being, resolved on a mutually agreed-upon basis; and granting relief would not prejudice Defendants because the sanction is payable to the Court.

Garret Sorensen agreed that the underlying controversies have been, or are in the process of being, resolved.[6] He took no position as to the Government's Motion.[7] Katherine Sorensen also took no position as to the Government's Motion, except that she contends that the Government is not immune from Rule 11 sanctions.[8] She asked that if the Court grants the Government's Motion, it do so for reasons other than sovereign immunity.[9] I agree with her position on this point.

The February 1, 2012 Order noted that the United States Attorney condoned the removal, remarking that "as long as I am United States Attorney, we will do it again if the need arises." [10] After this assertion, the Government's argument that the remand alone would "deter repetition of the conduct" [11] rang hollow. The Government now concedes that "removing the action was not the means to pursue [its] goal, and the United States does not intend to invoke the removal statute if similar circumstances present themselves in the future." [12] This concession falls a tad shy of an unalloyed concession; but it does indicate that the Government understands that its procedure was inappropriate.

[redacted] Rule 60(b)(5) "applies to any judgment that has prospective effect." [13] An order that has prospective effect may be revocable on "proof of 'a sincere and timely change of attitude.'" [14] Here, the sanctions were imposed as a deterrent and were intended to have prospective effect. The Government now has indicated that it will not remove a case if similar circumstances arise. This pledge tempers the need for sanctions.

The other grounds cited by the Government also are reasons that justify relief here: the sanctions would have a continuing effect on the professional reputations of the attorneys; the underlying controversies are resolved; and granting relief would not prejudice Defendants. The most important of these grounds, as I see it, is the possible stain on the professional reputations of the involved lawyers. As my earlier Orders reflect, the worst transgressions were by private counsel.

In reaching this decision, I took into account that no party opposed the essential thrust of the Government's Motion. Accordingly, the Government's Motion is GRANTED.

[redacted]

6. Doc. No. 93.

7. *Id.*

8. Doc. No. 94.

9. *Id.*

10. Doc. No. 84.

11. *Id.*

12. Doc. No. 91.

13. 11 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2863 (2d ed. 1995).

14. *Levenson v. Mills,* 294 F.2d 397, 399 (1st Cir.1961) (citing *Sacher v. Assoc. of the Bar of the City of New York,* 347 U.S. 388, 394 n. 5, 74 S.Ct. 569, 98 L.Ed. 790 (1954)); 11 Wright and Miller, Federal Practice and Procedure § 2863, n. 13.