268

## TULMAN v. COMMITTEE ON ADMIS-SIONS AND GRIEVANCES.

### No. 8290.

United States Court of Appeals for the District of Columbia.

Argued April 13, 1943.

Decided April 26, 1943.

Mr. Louis M. Tulman, of Washington, D. C., for appellant, pro se.

Mr. Austin F. Canfield, of Washington, D. C., with whom Messrs. Charles F. Wilson and Edmund L. Jones, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and VINSON and ARNOLD, Associate Justices.

PER CURIAM.

This is an appeal from an order of the District Court disbarring appellant from membership in the Bar of that Court and prohibiting him from practicing law or holding himself out as an attorney in the District of Columbia. The charge was professional misconduct, and was made by the Grievance Committee of the District Court.

Two grounds of error are assigned: (1) That the Court refused to direct a continuance to enable appellant to procure counsel and character witnesses, and (2) that the order was, in the circumstances, too harsh and severe.

■ We have examined the entire record with great care, but have been unable to find anything to sustain either of appellant's grounds for reversal. The record unmistakably shows that appellant represented himself from the filing of the charges through the trial and on the appeal in this Court. He prepared and filed his answer pro se, and at the trial refused the offer of the Court to appoint counsel for him. About one week or more prior to the trial he sought a continuance on the ground of the absence of character witnesses. However, at the trial counsel for the Grievance Committee conceded that each of the witnesses named by him would, if present, testify to his good character. On this understanding the case proceeded and no objection appears to have been made.

■ But over and beyond all of this, the record shows that appellant has never, neither here nor below, denied the truth of the charges against him. His explanation in palliation was necessarily submitted to the consideration and decision of the Trial Court, and it cannot be doubted that that Court, in denying effect thereto, exercised its judicial discretion, which is not subject to review in this Court. And to this we add that were it subject to review, we should approve it. We are unable to escape the conclusion that appellant's sworn answer to the Committee's complaint, as well as his own testimony in the trial, fully justified the order of disbarment.

Affirmed.