Howard D. LEVINE, Appellant,

v.

COMMITTEE ON ADMISSIONS AND GRIEVANCES OF the U. S. DISTRICT COURT FOR the DISTRICT OF CO-LUMBIA, Appellee.

No. 17654.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 18, 1963.

Decided Jan. 16, 1964.

Fred C. Sacks, Washington, D. C., for appellant.

Roger Robb, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, and FAHY and McGOWAN, Circuit Judges.

FAHY, Circuit Judge.

This is an appeal from a judgment of the District Court disbarring appellant from the further practice of law before the Bar of the District Court, directing the Clerk of the District Court to strike his name from the role of attorneys admitted to practice before the court, and prohibiting him thenceforth from holding himself out to be an attorney-at-law in the District of Columbia. The judgment was entered by three members of the District Court [1] after a hearing upon charges which had been filed by the Committee on Admissions and Grievances of the court, to which charges appellant had filed an answer. The court made Findings of Fact and Conclusions of Law which are a part of the record.

The charges were that on or about October 11, 1960, and on specified dates thereafter, appellant, through the agency or use of two men who were not lawyers solicited named persons who had been involved in personal injury accidents to employ appellant as their attorney to seek damages. It was also charged that appellant agreed to compensate the men who did the soliciting on his behalf. Six separate instances of such solicitation were set forth by the Committee.

Upon the basis of substantial evidence the court found that unethical solicitation was proved as to four of the charges, and not proved as to two, which were dismissed. The court concluded that appellant had been guilty of professional misconduct and conduct prejudicial to the administration of justice. The court accordingly entered the judgment now on appeal.

Appellant contends the evidence lacked the clarity and convincing character necessary to sustain the judgment of disbarment. We have considered the evidence, and though in substantial part it is that of a former convict and person of ill repute his testimony is corroborated. It

1. Chief Judge McGuire, Judge McGarraghy and Judge Hart.

does not stand alone. The evidence as a whole is convincing that the conduct charged and found did indeed occur.

It is urged that disbarment in the circumstances is too harsh. It is severe, but the violation by appellant of his professional responsibilities as a member of the Bar was not an isolated incident, or inadvertent; he engaged in a deliberate course of unprofessional conduct of a serious character. It is true the Committee itself does not appear to have pressed the District Court to disbar appellant. It prayed for either suspension or disbarment; and in summation at the trial the Committee made no recommendation as to the discipline the court should impose. Nevertheless, we are constrained to leave undisturbed the conclusion reached by the District Court as to the action it felt called upon to take. We would not be justified, in view of the conduct of appellant, in superimposing a different judgment of our own as to the remedy.

A few words now as to the composition of the court that decided the case.

Sections 11–1301 and 11–1302, D.C. Code, 1961, empower the United States District Court for the District of Columbia "in general term" to suspend from practice or expel a member of its bar for professional misconduct. Section 63 of the Act of March 3, 1901, which governed the jurisdiction and procedure of the Supreme Court of the District of Columbia, the predecessor of the present United States District Court for the District of Columbia, provided that a general term of the court "shall be held by at least three justices." [2] In the legislative transformation of the Supreme Court of the District of Columbia into the United States District Court for the District of Columbia,[3] Section 63 of the Act of March 3, 1901, was repealed, but for no purpose revolving around the meaning of "general term" as used in Sections 1301 and 1302 of our Code. It had become

established that a court in "general term" was a court composed of not less than three members, and this meaning adheres to the language of Sections 1301 and 1302. The history of the legislation requires this conclusion as a matter of statutory construction, and it is fortified by long practice and tradition.

Affirmed.

---

2. Ch. 854, 31 Stat. 1200.

3. See Act of June 25, 1936, ch. 804, 49 Stat. 1921, as amended, Act of May 24, 1949, ch. 139, § 32(b), 63 Stat. 107.