**In the Matter of Charles H. QUIMBY, III.**

**No. 19335.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 8, 1965.

Decided March 30, 1966.

Mr. Joseph B. Calandriello, Washington, D. C., for appellant.

Mr. Roger Robb, Washington, D. C., for Committee on Admissions and Grievances.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant is an attorney who was disbarred by the District Court for misappropriating funds from estates of two incompetent war veterans for whom he was the duly appointed Committee. He appeals, asserting that disbarment was too severe under all the circumstances.

The record discloses that Appellant, who has been a practicing attorney for almost forty years, had become financially embarrassed because an investment in an automobile dealership had proven unsound. In order to ease the resulting pressures, he drew eight thousand dollars from a savings account maintained by him in one incompetent's estate with total assets of about nineteen thousand dollars; he also withdrew ten thousand dollars from Committeeship accounts belonging to another incompetent's estate, which had total assets of about twenty-six thousand dollars. In each instance, Appellant used for his own purposes funds thus improperly withdrawn from trust accounts. Subsequently, after the Court Auditor's investigations revealed this defalcation, he returned all the withdrawn money with interest. Appellant testified that he "was under terrific mental pressure at the time." At no time did he falsify any reports or records of the trust estates, although he did delay in filing the final account for one of the estates.

Appellant's argument is that disbarment was improper because he intended at all times to replace the money he had taken, and hence there was no evidence that he intended to defraud his clients or to deprive them of the funds permanently. He cites cases and other authorities to the effect that the purpose of disbarment is not to punish an attorney who

has erred but to protect the public from one who has proven himself unfit or unreliable, and he points to his long and otherwise unstained record before the bar to show in effect that this misappropriation was an isolated aberration not likely to be repeated. However we are bound to note that the facts admitted by Appellant are sufficient to constitute the crime of embezzlement as defined in D.C.Code § 22–1202 (1961).[1] See generally Anzoategui v. United States, 118 U.S.App.D.C. 337, 335 F.2d 1000 (1964).

■■ The administration of justice under the adversary system rests on the premise that clients and the courts must be able to rely without question on the integrity of attorneys. An act against a client evidencing moral turpitude, even though attributable to some aberration or stress that would warrant the prosecutor in abstaining from criminal prosecution, may nevertheless warrant severe disciplinary action concerning an officer of the court.

■ When a member of the bar is found to have betrayed his high trust by embezzling funds entrusted to him, disbarment should ordinarily follow as a matter of course. Such misconduct demonstrates absence of the basic qualities for membership in an honorable profession. Only the most stringent of extenuating circumstances would justify a lesser disciplinary action, such as suspension, which implies the likelihood that at some future time the court may again be willing to hold out the embezzler as an officer of the court worthy of clients' trust. The appearance of a tolerant attitude toward known embezzlers would give the public grave cause for concern and undermine public confidence in the integrity of the profession and of the legal system whose functioning depends upon lawyers.

On this record we find no basis for disturbing the action of the District Court.

Affirmed.

1. If any agent, attorney, clerk, or servant of a private person or copartnership, or any officer, attorney, agent, clerk, or servant of any association or incorporated company, shall wrongfully convert to his own use, or fraudulently take, make way with, or secrete, with intent to convert to his own use, anything of value which shall come into his possession or under his care by virtue of his employment or office, whether the thing so converted be the property of his master or employer or that of any other person, copartnership, association, or corporation, he shall be deemed guilty of embezzlement, and shall be punished by a fine not exceeding one thousand dollars, or by imprisonment for not more than ten years, or both.