TROY CORPORATION, Appellant,

v.

Carol M. BROWNER, Administrator, United States Environmental Protection Agency, and Environmental Protection Agency, Appellees.

Nos. 96–5188, 96–5203 and 96–5204.

United States Court of Appeals, District of Columbia Circuit.

Dec. 2, 1997.

William K. Rawson, Washington, DC, argued the causes for appellants Chemical Manufacturers and Troy Corporation, with whom Claudia M. O'Brien, David F. Zoll, and John C. Marchese were on the briefs.

Cynthia A. Lewis, Washington, DC, argued the cause for appellant NMP Producers Group, with whom Alec I. Ugol and Karl S. Bourdeau were on the briefs.

Ellen J. Durkee, Attorney, United States Department of Justice, Washington, DC, and Timothy Burns, Attorney, United States Environmental Protection Agency, argued the cause for appellee, with whom Lois J. Schiffer, Assistant Attorney General, Scott J. Jordan, Mary F. Edgar, and John A. Bryson, Attorneys, United States Department of Justice, were on the brief.

Before: GINSBURG, SENTELLE, and TATEL, Circuit Judges.

## ORDER

This matter came on to be heard and was heard on Troy Corporation's petition claiming that the court had erred in affirming the judgment of the district court upholding the U.S. Environmental Protection Agency's ("EPA") listing of 3–IODO–2–PROPYNYL BUTYL CARBAMATE. Upon receiving the response of the EPA to the petition and reviewing all things and matters submitted by the parties in conjunction with the issues determined herein, the petition for rehearing is not well taken and therefore for the reasons more fully set forth in the supplemental opinion of even date herewith, it is

ORDERED, ADJUDGED and DECREED that the petition of Troy Corporation for partial rehearing is hereby denied.

PER CURIAM:

On August 1, 1997, we issued an opinion herein upholding the district court's grant of summary judgment in favor of the Administrator of the EPA in an action brought by appellant Troy Corporation ("Troy") and others to invalidate a rulemaking which had culminated in the addition of 286 chemicals to the toxic release inventory under the Emergency Planning and Community Rights to Know Act of 1986 ("EPCRA"), 42 U.S.C. § 1101 *et seq.* In our decision, we discovered no error affecting the EPA's handling of the chemicals in general, but did reverse and remand for further proceedings as to two specific chemicals, "DMP" and "BRONOPOL." Troy now seeks rehearing as to another specific chemical, 3–IODO–2–PROPYNYL BUTYL CARBAMATE ("IPBC"), arguing that the EPA's

administrative record did not support its decision to list the chemical, and that the EPA's listing decision was inconsistent with its analysis of another chemical, phosphoric acid. We considered Troy's arguments of sufficient seriousness to warrant requiring a response from the EPA. Upon review of the response and of all things and matters already in the record, we have determined that the district court properly upheld the EPA's decision to list IPBC.

Briefly put, without rehashing our prior decision or those of the district court and the agency, the first question before us concerns the adequacy of the record to support the EPA's decision to list IPBC under the applicable statutory and regulatory criteria. The governing statute contemplates the addition of a chemical to the inventory when the administrator determines that "there is sufficient evidence to establish ... [t]he chemical is known to cause or can reasonably be anticipated to cause in humans ... serious or irreversible ... chronic health effects." 42 U.S.C. § 11023(d)(2)(B)(ii)(IV). In our original opinion, we rejected not only a series of general objections to the EPA's listing process, but also some chemical-specific objections to the listing of IPBC. Troy now argues that we failed to consider the EPA's allegedly inadequate record on the question of irreversibility of effects caused by IPBC on the internal tissues of rats in the studies upon which the EPA based its listing decision. The EPA has come forward with some response directed toward the question of irreversibility, but more significantly has demonstrated that the record supports its listing decision on the alternative criterion of "serious[ness]." Originally, we opined that the seriousness of the effects of IPBC identified by the EPA in the record was self-evident. While it would, of course, have been possible for us to have gone through each of the 286 listed chemicals and recited the specific basis for the EPA's determination of seriousness, it would have been neither necessary nor appropriate under the relevant standards of review.[1] Under the Administrative Procedure Act, courts uphold the administrative decisions of agencies unless the agency has acted in a fashion that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or the agency's finding is "unsupported by substantial evidence...." 5 U.S.C. § 706(2)(A) & (E). The agency's decision in the present case passes this deferential review.

 In the original proceedings, and more specifically in its response to the present petition, the EPA points to its record conclusion that the animal studies demonstrated "significant increases in the incidence in nonneoplastic pathology of the stomach." The studies provided in the administrative record support this conclusion. *See United States Environmental Protection Agency Review of Toxicology Data,* reprinted at Joint Appendix p. 3371. Troy asserts that the type of lesion described in the studies is not within the usual meaning of the word "serious" unless the lesion is irreversible. It further asserts, with some justification, that there is no evidence of irreversibility. However, in reviewing the EPA's construction of a statutory term, we apply the *Chevron* standard and uphold the agency's construction of a statute entrusted to its administration unless its interpretation is contrary to the plain meaning of Congress or unreasonable. *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). We cannot say that the agency's inclusion of the described condition within the compass of the term "serious" fails either part of that deferential test. That word of degree bespeaks on its face the sort of ambiguity we expect agencies to resolve under *Chevron.*

 Troy further argues that the EPA's decision to list IPBC, being based in part on its determination that the "incidence of lesions was dose dependent ... [and] increased with duration of treatment," was inconsistent with the agency's decision not to list phosphoric acid under EPCRA. Troy quotes the EPA's determination that the "extent of damage is generally determined by acid concentration [i.e., dose] and duration of contact." (Bracketed language added by Troy.) Troy contends that this is the same

---

1. In addition, it would have been less than judicially efficient.

finding as that made with respect to IPBC. Although there is some question as to whether Troy even raised this objection with sufficient specificity before the issuance of the original opinion to have it considered by us on rehearing, we would reject it in any event.

As the EPA notes in its response to the petition for rehearing, Troy's objection does not establish a general similarity between the physical-chemical properties of mineral acids, such as phosphoric acid, and IPBC. Specifically, Troy confuses "concentration" with "dose," thereby misstating the EPA's finding with respect to phosphoric acid. As the EPA reminds us, the inherent toxicity of mineral acids changes dramatically with concentration, such that an acid which has adverse human health effects at high concentrations may nevertheless *not* be toxic at concentration levels reasonably expected to exist in the environment. This is so because it is the acidity of the solution, not the presence of phosphoric acid, that causes toxic effects. Thus, the same dose of phosphoric acid could be delivered in different concentrations and result in different effects. Therefore, the insertion of "[i.e., dose]" in the appellant's rendering of the EPA's decision changes the determination with reference to phosphoric acid in a way that suggests a superficial appearance of inconsistency with the listing of IPBC. There is not in fact any inconsistency therewith, as IPBC is not an acid, and its toxicity depends on "dose," not concentration.

Finally, we would note that Troy's entire approach to the petition for rehearing assumes that the court's opinion must respond specifically to every argument made by every appellant. This, of course, is not the case, especially with regard to review of administrative actions like the present one in which multiple groups of appellants have produced a plethora of arguments of such a detailed and fact-specific nature as to warrant no creation of precedent. For the reasons set forth above, we deny the petition for partial rehearing.