2008 UT 5

**Travis L. BOWEN, Petitioner,**

v.

**UTAH STATE BAR, Respondent.**

**No. 20060950.**

Supreme Court of Utah.

Feb. 1, 2008.

Gregory G. Skordas, Rebecca C. Hyde, Salt Lake City, for petitioner.

Billy L. Walker, Salt Lake City, for respondent.

DURHAM, Chief Justice:

## INTRODUCTION

¶1 Travis Bowen filed this petition for extraordinary relief requesting a declaratory judgment to void an Order of Public Reprimand issued by the Office of Professional Conduct, order a retraction of the public report of the reprimand printed in the *Utah Bar Journal,* and remand this matter to the Utah Bar with instructions to proceed by way of formal complaint in the district court. Mr. Bowen contends that a member of the screening panel of the Utah Supreme Court's Ethics and Discipline Committee had a conflict of interest in the proceedings against him and that the findings and actions of the committee should therefore be vacated. We decline to grant relief.

## BACKGROUND

¶2 In January 2006, Travis Bowen appeared for hearings regarding informal complaints before a screening panel of the Utah Supreme Court's Ethics and Discipline Committee. The screening panel consisted of four members, including Christine Greenwood, a named partner of the law firm Magleby & Greenwood. At the commencement of the hearings, Ms. Greenwood identified herself and the name of the firm to which she belonged. During that same period, James Magleby, the other named partner of Magleby & Greenwood, was involved in a civil lawsuit against Mr. Bowen in the district court. Neither Mr. Bowen nor his counsel objected to Ms. Greenwood sitting as a member of the screening panel.[1]

¶3 On March 1, 2006, the screening panel made findings of facts and conclusions of law determining that Mr. Bowen had violated the Rules of Professional Conduct and recommended that he receive a public reprimand. In response, Mr. Bowen filed an exception to the screening panel's recommendation of discipline, and, on June 16, 2006, the chair of the Ethics and Discipline Committee heard Mr. Bowen's exceptions. Mr. Bowen still did not object to Ms. Greenwood's participation on the screening panel. On June 30, 2006, the chair denied Mr. Bowen's exceptions and issued an Order of Public Reprimand. Subsequently, the Office of Professional Conduct (the OPC) prepared and submitted for publication Mr. Bowen's public reprimand to the *Utah Bar Journal.*

¶4 Prior to publication, Mr. Bowen sought judicial intervention from the district court on July 20, 2006, requesting an order vacating the issuance of the public reprimand and an injunction with respect to the publication of the reprimand. On August 4, 2006, he filed a Motion for Preliminary Injunction to halt the publication of the public reprimand. The OPC responded with a Motion to Dismiss for lack of subject matter jurisdiction and a Memorandum in Opposition to the Motion for Preliminary Injunction. In none of Mr. Bowen's submissions did he object to

---

1. The record does not reflect whether Ms. Greenwood herself was actually aware of the conflict; counsel for the Office of Professional Conduct asserted both in briefing and at oral argument that she was not.

Ms. Greenwood's participation on the screening panel.

¶ 5 Prior to a ruling by the court on Mr. Bowen's requests for relief, notice of the reprimand previously submitted by the OPC appeared in the September–October edition of the *Utah Bar Journal.* A few days after the publication, James Magleby attempted to use it as evidence against Mr. Bowen in the ongoing civil lawsuit. On October 13, 2006, four days before the court issued its Memorandum Decision and Order, Mr. Bowen submitted a Notice of Withdrawal. In this notice, Mr. Bowen noted that the OPC had published the reprimand before the district court decided the jurisdictional issues and that he sought the withdrawal of his action so he could seek review by this court of the OPC's action. In his Notice of Withdrawal, Mr. Bowen raised, for the first time, questions concerning Ms. Greenwood's participation on the screening panel.

¶ 6 Mr. Bowen now seeks review of the findings of the screening panel and the chair's order of discipline on the basis that his due process rights were violated by Ms. Greenwood's participation on the screening panel, which he claims constituted a conflict of interest creating bias.

### STANDARD OF REVIEW

¶ 7 Petitions for extraordinary relief are governed by rule 65B of the Utah Rules of Civil Procedure, which provides that extraordinary relief may be available "where no other plain, speedy, and adequate remedy is available." Utah R. Civ. P. 65B(a). The decision to grant or deny a petition lies within our discretion. *State v. Barrett*, 2005 UT 88, ¶ 23, 127 P.3d 682. Lawyer discipline cases, such as this, come before us as a matter of original jurisdiction. *In re Discipline of Harding*, 2004 UT 100, ¶ 11, 104 P.3d 1220.

### ANALYSIS

### I. THE WRIT FOR EXTRAORDINARY RELIEF IS PROPER

¶ 8 The disciplinary action against Mr. Bowen arose from an informal complaint governed by rule 14–510 of the Supreme Court Rules of Professional Practice. The Rules Governing the Utah State Bar are found in chapter 14 of the Supreme Court Rules of Professional Practice. Article 5 of chapter 14, titled "Lawyer Discipline and Disability," contains the rules governing disciplinary actions against lawyers.

¶ 9 According to article 5, a disciplinary proceeding may be initiated against any member of the Bar by filing an informal complaint with the Bar. Sup.Ct. R. of Prof'l Practice, 14–510(a)(1). Following a preliminary investigation by OPC's counsel to ascertain whether the informal complaint warrants further action, the OPC may, among other things, refer the complaint to a screening panel for additional review. *Id.* at 14–510(a)(4)–(5). The screening panel conducts a hearing to determine whether to recommend further informal action to the Ethics and Discipline Committee Chair to resolve the matter or to initiate a formal complaint against the respondent in district court. *Id.* at 14–510(b)(5).

¶ 10 According to rule 14–511(g), disciplinary orders of district courts entered pursuant to the formal complaint process are appealable to this court. There is no procedural provision, however, for obtaining judicial review of disciplinary orders finally resolved by the Ethics and Discipline Committee such as the order in this case. *See* Utah Sup.Ct. R. of Prof'l Practice, 14–510, –511, –512. Therefore, because there is currently no established means for judicial review available to Mr. Bowen, this court finds that his petition for extraordinary relief was proper. We are still free, however, to exercise discretion in deciding whether the facts warrant granting the relief sought. *State v. Barrett*, 2005 UT 88, ¶ 24, 127 P.3d 682. We turn now to a consideration of Mr. Bowen's claims.

### II. MR. BOWEN WAIVED HIS CLAIM FOR RELIEF

¶ 11 Mr. Bowen first challenged Ms. Greenwood's participation more than eight months after his January 2006 screening panel hearing and nearly four months after the Ethics and Discipline Committee Chair's June 2006 Order of Public Reprimand. Mr.

Bowen justifies his delay by explaining that he did not become aware of the conflict until sometime in October 2006.

¶ 12 While there is no formal mechanism for recusal of screening panel members, participating members should be conscientious in identifying and disclosing conflicts of interest, and should recuse themselves when such conflicts exist. A lawyer under investigation by the OPC must also exercise diligence. In many cases such as this, the lawyer being investigated is in a better position to know or to discover whether a conflict exists. Lawyers are, of course, generally aware of those who oppose them in litigation, particularly when they are parties, not merely counsel, in that litigation. A panel member, on the other hand, may not be aware of cases that other attorneys in her firm are involved with that might involve the lawyer under investigation. Thus, the lawyer subject to discipline should make reasonable efforts to discover and raise concerns over possible conflicts and to raise the issue promptly.

¶ 13 In this case, Ms. Greenwood properly identified the name of her firm and was apparently unaware of her partner's litigation involving Mr. Bowen. We are unable to understand why Mr. Bowen, who was currently being sued by James Magleby, failed to inquire whether the Magleby who was Ms. Greenwood's partner was the same individual, and indeed apparently failed to make any such inquiry for more than eight months.

¶ 14 In instances where disciplinary actions are made through the formal complaint process, a dissatisfied lawyer has thirty days to petition for review pursuant to rule 14–511 of the Supreme Court Rules of Professional Practice and rule 4 of the Rules of Appellate Procedure. Similarly, appeals from other disciplinary proceedings, such as a character and fitness evaluation, a bar examination appeal, or a denial of a bar application must also be made within thirty days. We are not persuaded that a lawyer involved in an informal complaint proceeding is entitled to greater latitude in seeking review than are those involved in formal complaint or other disciplinary proceedings. We conclude that Mr. Bowen's delay in raising the issue of Ms.

Greenwood's conflict was not reasonable and constituted waiver of his claim for relief. Although Mr. Bowen testified that he was not aware of the conflict at the time of the hearing, we believe that he was, in fact, put on notice of a potential conflict by Ms. Greenwood's identification of her firm and should have exercised the due diligence necessary to discover the conflict. Therefore, we hold that Mr. Bowen is not entitled to relief. The petition is denied.

¶ 15 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM'S opinion.