2009 UT 33

**Richard S. NEMELKA, Petitioner,**

**v.**

**The ETHICS AND DISCIPLINE COMMITTEE OF the UTAH SUPREME COURT and the Utah State Bar, Respondents.**

**No. 20080527.**

Supreme Court of Utah.

June 12, 2009.

Stephen R. Nemelka, Salt Lake City, for petitioner.

Richard S. Nemelka, Salt Lake City, pro se petitioner.

Billy L. Walker, Barbara Townsend, Salt Lake City, for respondents.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 In this petition for extraordinary relief, attorney Richard Nemelka challenges a disciplinary order issued by the Ethics and Discipline Committee of the Utah Supreme Court (Committee).[1] A Committee screening panel

---

1. Both parties mischaracterize this proceeding as an "appeal." The Supreme Court Rules of Professional Practice do not currently provide for an appeal from informal final orders issued by the Committee. *See Bowen v. Utah State Bar*, 2008 UT 5, ¶ 10, 177 P.3d 611 ("According to rule 14–511(g), disciplinary orders of district courts entered pursuant to the formal complaint process are appealable to this court. There is no procedural provision, however, for obtaining judicial

determined that Nemelka violated five of the Rules of Professional Conduct in connection with his representation of Tina Simmons and recommended that he receive a public reprimand. Nemelka filed an exception to the panel's recommendation and requested a hearing. At the exception hearing, Nemelka was not able to cross-examine Ms. Simmons. Because rule 14–510(c) of this court's Rules of Professional Practice provides that a respondent has a right to cross-examine the complainant at an exception hearing, we vacate the panel chair's ruling and remand for a new exception hearing.

## BACKGROUND

¶ 2 Ms. Simmons retained Nemelka to represent her in a divorce action. Prior to resolution of the divorce, Nemelka unilaterally terminated the attorney-client relationship. Soon after, Ms. Simmons filed an initial complaint with the Utah State Bar's Office of Professional Conduct (OPC). Ms. Simmons alleged that Nemelka acted unethically and otherwise committed misconduct during the course of his representation of her. After conducting an investigation into Ms. Simmons's complaint, the OPC held a screening panel hearing to determine whether Nemelka violated any of the Rules of Professional Conduct.

¶ 3 At the screening panel hearing, the OPC presented the results of its investigation. Nemelka testified at the hearing, but called no witnesses. Ms. Simmons also testified at the hearing. After considering the evidence, the screening panel concluded that Nemelka had violated five Rules of Professional Conduct. The panel therefore recommended to the Committee Chair that Nemelka receive a public reprimand.

¶ 4 Pursuant to rule 14–510(c) of the Supreme Court Rules of Professional Practice, Nemelka filed an exception to the hearing

panel's recommendation and requested that a hearing be held. At the exception hearing, Nemelka, invoking rule 14–510(c), requested that he be allowed to cross-examine Ms. Simmons so that he might expose inconsistencies in her testimony. Rule 14–510(c) provides that a complainant need not be present at an exception hearing "unless called by the respondent as an adverse witness for the purpose of cross-examination." Nemelka attempted to subpoena Ms. Simmons pursuant to rule 45 of the Utah Rules of Civil Procedure but had been unsuccessful in procuring her attendance. Nonetheless, the panel chair who presided over the exception hearing denied Nemelka's request. According to the panel chair, "If Respondent had wished to cross-examine Complainant at this hearing, he should have made note of that fact when he filed his Exception."

¶ 5 Nemelka also brought a witness, Clark Ward, to testify at the exception hearing. Mr. Ward had not testified at the screening panel hearing. According to the panel chair of the exception hearing, Nemelka had the opportunity to have Mr. Ward testify at the screening panel hearing, but chose not to. Consequently, the panel chair denied Nemelka's request to allow the witness to testify.

¶ 6 The panel chair determined that Nemelka failed to carry his burden under rule 14–510(c) to show that the panel's findings were "unreasonable, unsupported by substantial evidence, arbitrary, capricious and otherwise clearly erroneous." The panel chair therefore upheld the screening panel's recommendation of a public reprimand.

¶ 7 Nemelka filed a Petition for Extraordinary Relief with this court.[2] We have original jurisdiction pursuant to article VIII, section 4 of the Utah Constitution. *See* Utah Const. art. VIII, § 4 ("The Supreme Court by rule shall govern the practice of law,

review of disciplinary orders finally resolved by the Ethics and Discipline Committee such as the order in this case.") With that said, the court has pending before it a petition to amend rule 14–510 of the Rules of Professional Practice. The proposed rule provides for a procedure by which a respondent may request judicial review of a final Ethics and Discipline Committee determination.

2. On May 23, 2008, Nemelka also filed with this court a Motion for Review of an Administrative Order pursuant to rule 14 of the Utah Rules of Appellate Procedure and a Motion to Stay. The Motion for Review was denied on July 18, 2008. The Motion to Stay was denied on July 21, 2008.

including ... the conduct and discipline of persons admitted to practice law.").

## STANDARD OF REVIEW

¶ 8 Under rule 65B of the Utah Rules of Civil Procedure, extraordinary relief may be available "[w]here no other plain, speedy, and adequate remedy is available." Utah R. Civ. P. 65B(a). "The decision to grant or deny a petition lies within our discretion." *Bowen v. Utah State Bar*, 2008 UT 5, ¶ 7, 177 P.3d 611.

¶ 9 We review interpretations of our Rules of Professional Practice for correctness. *In re Welker*, 2004 UT 83, ¶ 11, 100 P.3d 1197. We therefore afford no deference to a panel chair's interpretation of our rules. *See State v. Gallegos*, 2007 UT 81, ¶ 8, 171 P.3d 426.

## ANALYSIS

¶ 10 Nemelka argues that the panel chair committed legal error by refusing to allow him to cross-examine Ms. Simmons at the exception hearing and by refusing to accept testimony from a witness who had not testified at the screening panel hearing. Nemelka also argues, in essence, that the Committee erred in ordering a public reprimand. As discussed below, while we find no error in the panel chair's refusal to let Mr. Ward testify, we hold that Nemelka was deprived of his right to cross-examine Ms. Simmons at the exception hearing. Accordingly, we vacate and remand for a new exception hearing.

## I. THE PANEL CHAIR DID NOT ERR WHEN HE EXCLUDED MR. WARD'S TESTIMONY FROM THE EXCEPTION HEARING

¶ 11 Nemelka argues that the panel chair erred by prohibiting Mr. Ward from testifying at the exception hearing. We disagree.

¶ 12 Resolving the issue of whether a witness who did not testify at a screening panel hearing may be called at an exception hear-

ing requires us to construe the current versions of rules 14–510(b)(2) and 14–510(c) of the Supreme Court Rules of Professional Practice.[3] We interpret these rules according to their plain language. *See Burns v. Boyden*, 2006 UT 14, ¶ 19, 133 P.3d 370.

¶ 13 Rule 14–510(b)(2) provides, "[T]he screening panel shall ... afford the respondent an opportunity to appear before the screening panel and testify under oath, together with any witnesses called by the respondent, and to present an oral argument with respect to the informal complaint...." Sup.Ct. R. Prof'l Practice 14–510(b)(2). Rule 14–510(c) states,

> If a request for a[n] [exception] hearing is made, the Committee chair, or a screening panel chair designated by the Committee chair, shall ... hear the matter ... with OPC counsel and the respondent having the opportunity to be present.... The complainant need not appear personally unless called by the respondent as an adverse witness for purposes of cross-examination.

*Id.* 14–510(c). Thus, rule 14–510(b)(2) affords a respondent the opportunity to present witnesses at a screening panel hearing, and rule 14–510(c) limits participation at an exception hearing to the respondent, OPC counsel, and the complainant. The panel chair correctly interpreted rule 14–510(c). Nemelka had the opportunity to introduce the testimony of Mr. Ward at the screening panel hearing but did not. He was not entitled to the testimony at the exception hearing.

## II. THE PANEL CHAIR ERRED IN DENYING NEMELKA THE OPPORTUNITY TO CROSS–EXAMINE MS. SIMMONS AT THE EXCEPTION HEARING

¶ 14 Nemelka also argues that the panel chair erroneously interpreted rule 14–510(c) of our Rules of Professional Practice to deprive him of the opportunity to cross-examine Ms. Simmons at the exception hearing. In determining the procedural require-

---

**3.** As previously mentioned, the court has under advisement a petition to amend rule 14–510. The analysis in this opinion is predicated on the language of the current rule.

ments set forth in rule 14–510(c), we begin with the plain language of the rule. *See Miller v. Weaver,* 2003 UT 12, ¶ 17, 66 P.3d 592. We interpret a rule's provisions in harmony with other rules in the same and related chapters. *See id.*

¶ 15 Rule 14–510(c) of the Rules of Professional Practice states: "The complainant need not appear personally [at an exception hearing] unless called by the respondent as an adverse witness for purposes of cross-examination." Sup.Ct. R. Prof'l Practice 14–510(c). Thus, the plain language of the rule allows for cross-examination at an exception hearing. The rule is ambiguous, however, as to what a respondent must do in order to "call" the complainant as a witness.

¶ 16 Indicative of the rule's ambiguity, Nemelka, the panel chair, and the OPC each interpreted the rule differently. Nemelka interpreted the "calling" requirement as allowing him to subpoena Ms. Simmons pursuant to rule 45 of the Utah Rules of Civil Procedure.[4] In fact, consistent with this interpretation, Nemelka attempted to subpoena Ms. Simmons under this rule, but was unsuccessful in procuring her attendance at the exception hearing. The panel chair, for his part, interpreted rule 14–510(c) to require that the respondent merely provide advance notice of an intention to cross-examine the complainant at the exception hearing. Under this interpretation, the panel chair denied Nemelka the opportunity to cross-examine Ms. Simmons, reasoning that "[i]f Respondent had wished to cross-examine Complainant at this hearing, he should have made note of that fact when he filed his Exception." This reading finds little support in the rules. As further evidence of the rule's ambiguity, OPC argues that Nemelka, upon making his request for an exception hearing, had the option of informing either the OPC or the Committee Chair that he wished to cross-examine Ms. Simmons at the hearing. Although the OPC and the panel chair both offer plausible readings of the rule, so did Nemelka. We conclude, therefore, that rule 14–510(c) is ambiguous as to what a respondent must do in order to properly "call" a complainant for purposes of cross-examination at an exception hearing.

¶ 17 To resolve the ambiguity, we interpret rule 14–510(c) in harmony with other rules in chapter 14 of the Rules of Professional Practice. After close review, we conclude that rule 14–510(c) should be read together with rule 14–503(g). Rule 14–503(g) states,

Any party or a screening panel, for good cause shown, may petition under seal the district court for issuance of a subpoena, subpoena duces tecum or any order allowing discovery prior to the filing of a formal complaint. Except for good cause shown, all petitions under this rule shall require a five-day written notice to the opposing party prior to the issuance of an appropriate order of subpoena.

Sup.Ct. R. Prof'l Practice 14–503(g). The subpoena requirement of rule 14–503(g) is appropriate for the "calling" of a complainant for purposes of cross-examination at a rule 14–510(c) exception hearing. Hence, we hold that to satisfy the "calling" requirement of rule 14–510(c), a respondent in an attorney discipline proceeding wishing to cross-examine the complainant at an exception hearing must follow the subpoena procedure of rule 14–503(g).

¶ 18 Having clarified the procedure for calling a complainant at an exception hearing, we must determine whether Nemelka should be afforded an opportunity to follow it. Rule 14–501(c) states that the applicable Rules of Professional Practice "shall be construed so as to achieve substantial justice and fairness in disciplinary matters." *Id.* 14–501(c). In ensuring substantial justice and fairness, balance must be maintained; the seriousness of alleged violations of a lawyer's professional responsibility requires that a lawyer be afforded an opportunity to defend his or her good professional standing. Rule 14–501(c) thus tips the scales in Nemelka's favor and requires that he be given an opportunity to seek a subpoena requiring Ms. Simmons's attendance for purposes of cross-examination.

4. That rule states: "An attorney admitted to practice in Utah may issue and sign a subpoena as an officer of the court." Utah R. Civ. P. 45(a)(2).

## CONCLUSION

¶ 19 We vacate the Committee's Ruling on Exception to Screening Panel Recommendation of Discipline and remand for a new exception hearing. Consistent with this opinion, Nemelka will have the opportunity to compel Ms. Simmons's appearance at the exception hearing by way of subpoena issued pursuant to rule 14–503(g) and may therefore proceed under rule 14–510(c) to cross-examine her.

¶ 20 We do not address whether the Committee erred in finding that Nemelka violated rules 1.6, 1.16(d), and 8.4(a) of the Rules of Professional Conduct. Nor do we reach the propriety of the Committee's recommendation that Nemelka receive a public reprimand. It would be premature to reach these issues prior to the results of the new exception hearing.

———

¶ 21 Associate Chief Justice DURRANT, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.