*This opinion is subject to revision before final*
*publication in the Pacific Reporter*

**2016 UT 25**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

JOHN L. CIARDI,
*Appellant,*

*v.*

OFFICE OF PROFESSIONAL CONDUCT,
*Appellee.*

No. 20140370
Filed June 9, 2016

On Direct Appeal

Fifth District, St. George
The Honorable Gary D. Stott
No. 120500431

Attorneys:

John L. Ciardi, Pro Se

Todd Wahlquist, Salt Lake City, for appellee

JUSTICE DURHAM authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE, and
Court of Appeals JUDGE PEARCE joined.

Having been recused, JUSTICE HIMONAS does not participate herein;
former Court of Appeals JUDGE JOHN A. PEARCE sat.

JUSTICE DURHAM, opinion of the Court:

### INTRODUCTION

¶1 John L. Ciardi appeals from a judgment of the district court disbarring him from the practice of law for violations of the Utah Rules of Professional Conduct. We affirm the district court's decision with respect to the violations of the rules but reverse and revise with respect to the sanction.

## BACKGROUND

¶2    Mr. Ciardi's saga began with an incident in the Fifth District Court in 2011, where he was scheduled to appear to represent a client. Mr. Ciardi was not present when the judge called his case, so the judge dismissed it. During the next roll call, Mr. Ciardi interrupted the judge's calendar and asked the court to recall his case. The judge told Mr. Ciardi not to interrupt his calendar and to sit down. Mr. Ciardi ignored these instructions and continued to argue with the judge. The judge then ordered Mr. Ciardi to leave the courtroom. As a bailiff escorted Mr. Ciardi from the courtroom, he caused a disturbance. Mr. Ciardi continued to yell and make disparaging remarks about the judge in the hallway outside the courtroom.

¶3    Mr. Ciardi then went to the clerk's office and became belligerent with the clerk. The clerk found it necessary to request the assistance of a bailiff to deal with him. The bailiff asked Mr. Ciardi to leave the courthouse numerous times, but he refused and continued to yell at the bailiff and make disparaging remarks about the judge. A second, and then a third, bailiff was called to the clerk's office, where the incident lasted approximately one hour. Eventually, two bailiffs escorted Mr. Ciardi out of the courthouse while he yelled obscenities at the bailiffs in front of members of the public.

¶4    Mr. Ciardi was cited for disorderly conduct and refusing a lawful order. He entered an *Alford* plea to the disorderly conduct charge after the prosecutor reduced it to an infraction.

¶5    The Office of Professional Conduct (OPC) received a complaint based upon Mr. Ciardi's conduct in the courthouse. A screening panel of the Ethics and Discipline Committee of the Utah Supreme Court held a hearing in Salt Lake City, during which panel members interviewed witnesses and took evidence regarding Mr. Ciardi's actions in the fifth district courthouse. Mr. Ciardi and the witnesses, who were located in Southern Utah, participated telephonically. At the hearing, Mr. Ciardi continued to behave badly, making disparaging remarks about the fifth district judge and the court, calling the latter's proceedings "slipshod, amateurish" and, in the case of appeals from justice courts, "sham appeals." Mr. Ciardi also expressed his disdain toward the screening panel members and the proceedings before the panel, referring to the hearing as a "complete sham" and a "joke proceeding." He also repeatedly interrupted witnesses and referred to them as liars and idiots.

¶6    The screening panel directed the OPC to file a formal complaint against Mr. Ciardi in the district court, and the OPC did so. The complaint alleged that Mr. Ciardi violated rule 3.5(d) of the

Utah Rules of Professional Conduct, which prohibits "conduct intended to disrupt a tribunal," by his behavior both in the district court and the screening panel hearing. The complaint also alleged that his conduct in the district court and in the screening panel hearing violated rule 8.4(d), which prohibits attorneys from engaging "in conduct that is prejudicial to the administration of justice."

¶7 Mr. Ciardi filed a motion to dismiss the complaint against him for lack of jurisdiction. He argued that venue for the screening panel hearing held in Salt Lake City was improper. He also asserted that the district court lacked jurisdiction over the formal complaint, advancing various theories of conspiracy and wrongdoing by the screening panel, witnesses before the panel, and OPC staff.

¶8 The district court held a telephonic hearing on the motion to dismiss, and both Mr. Ciardi and counsel for the OPC declined to present oral argument. The district court judge denied the motion at the hearing. Immediately after announcing this ruling, "Mr. Ciardi threatened all involved, stated that he was not going to participate any further with this case, made other inappropriate comments, and upon [the] court asking when counsel could be ready for trial, Mr. Ciardi hung up his phone."

¶9 True to his word, Mr. Ciardi did not participate in an evidentiary hearing before the district court. After the hearing, the district court found that he had violated rules 3.5(d) and 8.4(d) of the Utah Rules of Professional Conduct. The court then held a sanction hearing. The district court noted that the presumptive sanction for a violation of rules 3.5(d) and 8.4(d) was suspension. The court then evaluated the aggravating circumstances, including a pattern of misconduct both in prior proceedings and in the disciplinary proceedings before the district court, refusal to acknowledge the wrongful nature of his conduct, and substantial experience in the practice of law. The court did not find any mitigating circumstances because Mr. Ciardi did not participate in the sanction hearing to offer any. After weighing the aggravating circumstances, the district court determined that a sanction greater than suspension was warranted and disbarred Mr. Ciardi. He appeals from this sanction.

## ANALYSIS

¶10 On appeal, Mr. Ciardi renews his challenges to venue and jurisdiction and argues that "the misconduct and unethical conduct of the OPC attorneys in this case is egregious and warrants not only dismissal of the Bar complaint, but disqualification and sanctions against the prosecutor and his supervisor." We reject all of those

arguments, but exercise our obligation of plenary review in the matter of the sanction.

## I. MR. CIARDI'S JURISDICTIONAL ARGUMENTS

### A. Mr. Ciardi Waived His Challenge to Venue

¶11 In this appeal, Mr. Ciardi challenges the venue of his screening panel hearing held in Salt Lake City. But he failed to raise the question of venue at either his first screening panel hearing or the second, continued, hearing. "[O]ur case law establishes that the doctrine of waiver has application if defendants fail to raise claims at the appropriate time at the trial level, so the judge has an opportunity to rule on the issue." *State v. Cram*, 2002 UT 37, ¶ 9, 46 P.3d 230 (citation omitted). Specifically, a challenge to the venue of a civil proceeding is waived if not asserted when a court or tribunal has a reasonable ability to address the challenge. *See Johnson v. Gold's Gym*, 2009 UT App 76, ¶ 11, 206 P.3d 302 (challenge to venue waived when raised only after the district court granted a motion for summary judgment). We conclude that the failure to timely raise a venue objection to the screening panel, rather than waiting until it was too late to address the venue issue, as Mr. Ciardi did here, constitutes a waiver of this issue. *See Bowen v. Utah State Bar*, 2008 UT 5, ¶¶ 11–14, 177 P.3d 611 (attorney waived a conflict of interest challenge to a screening panel member where he raised the challenge eight months after the screening panel proceedings concluded and four months after he received a public reprimand from the ethics committee chair). Having rejected his venue challenge, we hold that jurisdiction in the district court was proper.

### B. We Decline to Treat the Question of Dismissal Based on Allegations of Improper Conduct by Parties to the Screening Panel Hearing Because It Is Inadequately Briefed

¶12 Mr. Ciardi also packages together several objections regarding the screening panel hearing and argues that these alleged defects stripped the district court of jurisdiction to adjudicate the professional conduct complaint against him. In addressing Mr. Ciardi's arguments on this point, we note that his brief is inadequate and fails to comply with our rules. First, he has failed to demonstrate preservation in the district court of the questions he raises, in violation of rule 24(a)(5)(A) of the Utah Rules of Appellate Procedure. Second, he has not complied with rule 24(a)(7) requiring that briefs contain a statement of facts with citations to the record below. Mr. Ciardi instead has merely incorporated by reference numerous facts set forth in his motions before the district court, with no record citations. Finally, Mr. Ciardi's brief in general contains no citations to the record, leaving us with the burden of finding record

support for his arguments (or the lack of it) ourselves. We decline to shoulder that burden.

## II. THE PRESUMPTIVE SANCTION OF SUSPENSION, NOT DISBARMENT, IS WARRANTED IN THIS CASE

¶13 As we have previously noted, the ultimate responsibility for proportionality in discipline cases rests with this court. *Utah State Bar v. Jardine* (*In re Discipline of Jardine*), 2012 UT 67, ¶ 26, 289 P.3d 516 ("Although we recognize as a general proposition the district court's advantaged position in overall familiarity with the evidence and the context of the case, on appeal we must treat the ultimate determination of discipline as our responsibility." (citation omitted)); *see also Johnson v. Office of Prof'l Conduct*, 2014 UT 57, ¶ 14, 342 P.3d 280 ("[O]ur 'review of attorney discipline proceedings is fundamentally different from judicial review of administrative proceedings or of other district court cases.' 'We need not, therefore, defer to the [district court] in deciding what may constitute appropriate discipline.'" (citations omitted)).

¶14 We acknowledge that district courts, which must consider sanctions in the first instance, still have limited caselaw on which to rely. In this case, the district court carefully reviewed our holding in *In re Discipline of Babilis*, 951 P.2d 207 (Utah 1997) and the language of the relevant rules of professional conduct. Based on that review, the court properly determined that the presumptive sanction for Mr. Ciardi's conduct was suspension from the practice of law. Our review of cases from other states also confirms that violations of rules 3.5(d) and 8.4(d) typically result in suspension rather than disbarment. *People v. Brennan*, 240 P.3d 887, 888, 898 (Colo. O.P.D.J. 2009) (suspension of one year and one day for repeatedly disrupting a tribunal and engaging in conduct prejudicial to the administration of justice); *In re Greenburg*, 9 So. 3d 802, 809 (La. 2009) (six-month suspension for verbal and physical altercation with opposing attorney in open court); *Hancock v. Bd. of Prof'l Responsibility*, 447 S.W.3d 844, 848, 857–58 (Tenn. 2014) (thirty-day suspension for sending an *ex parte* email to a judge that called him "a bully and clown" and demanded a written apology for denying his fee application).

¶15 The court then examined aggravating and mitigating circumstances, and here is where we think the analysis went awry. The court found that "there are multiple and significant aggravating factors that warrant [an] increase in the level of discipline to be imposed." The court then went on to describe those factors: "In addition to his actions at the courthouse in June of 2011, and his statements at the Screening Panel hearing in 2012, *Mr. Ciardi has filed*

*numerous pleadings that are replete with derogatory comments about judges and the court system in Utah.*" (Emphasis added). The discussion of those pleadings before the district court is fairly extensive (and, by the way, not inaccurate). The other aggravating factors listed include not only Mr. Ciardi's lengthy experience in the practice of law and his refusal to acknowledge the wrongful nature of his misconduct, but also his "obstructionist" behavior at the screening panel hearing.

¶16 The problem lies with the fact that statements made in Mr. Ciardi's pleadings in the litigation before the district court (and they are extensive and often very offensive) have never been charged as misconduct, and his behavior and statements at the hearing are already part of the course of conduct being sanctioned, and therefore not properly treated as aggravating factors. *See In re Ruffalo*, 390 U.S. 544, 549–52 (1968) (reversing an attorney's disbarment on due process grounds where the penalty was based on a charge of misconduct that was added after the attorney had presented his testimony, depriving him of "fair notice of the charge"); *Johnson*, 2014 UT 57, ¶ 26 ("Attorneys are entitled to due process in disciplinary proceedings, including 'adequate notice of the charges and an opportunity to be heard in a meaningful way.'" (citation omitted)). This leaves only his lack of remorse and his experience as aggravators. While we sympathize with and share the district court's level of concern over Mr. Ciardi's behavior, we are not persuaded that the aggravating circumstances in this case "overwhelmingly demonstrate the propriety of imposing a greater sanction than the presumptive sanction" as the district court concluded. Moreover, to the best of our knowledge, attorneys in Utah and other jurisdictions have received suspensions rather than disbarment for similar violations of rules 3.5(d) and 8.4(d). *See supra* ¶ 14. We believe that a lengthy suspension, certainly one as long as the two years that have passed since the district court disbarred Mr. Ciardi, is an adequate response to the specific behavior charged and found by the district court. We therefore reinstate Mr. Ciardi's right to practice law in the State of Utah as of the date of this opinion.

¶17 We note that in so holding, we do not take the view that there should be no consequences for Mr. Ciardi's reckless and offensive allegations of bias, discrimination, and incompetence of Utah judges and Utah courts contained in his pleadings before the district court and this court. Should the OPC deem it advisable, these actions would certainly warrant investigation.

## CONCLUSION

¶18 We affirm the district court's holdings with respect to Mr. Ciardi's motion to dismiss and his violations of the Utah Rules of Professional Conduct. We vacate the order of disbarment and determine that Mr. Ciardi's suspension from the practice of law should be terminated.

————————