GRIFFITH, Circuit Judge,
concurring:
Our panel opinion notes that we have jurisdiction to hear Aka’s procedural challenge to the Tax Court’s disbarment order, that this challenge fails, and that the Tax Court has not come close to depriving Aka of substantive due process.
I do not believe, however, that due process claims are the only ones that Aka has raised before us. He has also argued that the Tax Court’s decision to disbar him— the result, and not simply the process— was too severe a penalty for his particular misconduct. As Aka raises it, this objection is not a constitutional one, rooted in due process or otherwise. It is simply an argument that in imposing such a grave and lasting penalty, the Tax Court abused its discretion.
I take no position here on whether we have jurisdiction to hear such non-constitutional challenges to disbarment orders. Compare Tulman v. Comm. on Admissions & Grievances, 135 F.2d 268, 268 (D.C. Cir. 1943) (holding that a challenge to a disbarment order’s severity was “not subject to review in this [cjourt”), with Castigan v. Adkins, 18 F.2d 803, 804 (D.C. Cir. 1927) (vacating an order disbarring an attorney and imposing instead a temporary suspension because “the ends of justice and of public policy” could be served just as well “by imposing a sentence of suspension, instead of absolute disbarment”).
Rather, I write separately to acknowledge that Aka did indeed raise such non-constitutional challenges — and to note that we can remain agnostic on whether we can hear those challenges only because they would make no difference here.
After all, Aka does not dispute that he violated the Tax Court’s rules of conduct. So his challenge to the severity of the disbarment decision really amounts to a challenge to the Tax Court’s rules for members of its bar. He believes that they are too stringent — for example, that they should allow him to remain a member so long as he has committed no crime. But the point of disbarment is not to “punish[ ]” the attorney but to “protect the courts and the public” against “persons unfit to practice.” In re Echeles, 430 F.2d 347, 349 (7th Cir. 1970). Attorneys need not be convicts to merit disbarment; law-yerly incompetence is enough. Here the Tax Court has comprehensively documented Aka’s failures to meet some of the basic demands of good lawyering — shortcomings that he does not dispute.
*39 Likewise, Aka suggests that his conduct deserves at most a temporary sanction, citing at oral argument a case in which the Supreme Court of Utah vacated a lower court’s disbarment order in favor of a six-month suspension. See Ciardi v. Office of Prof'l Conduct, 379 P.3d 1287 (Utah 2016). I would find this claim unavailing, too, if we had claimed the jurisdiction to entertain it. The attorney in Ciardi had flouted an order and disrupted proceedings in only one case, for which suspension was (in Utah) the presumptive sanction; here the Tax Court has disbarred Aka for more-serious misconduct spanning years, absent any presumption for lighter sanctions.
This court need not “respond specifically to every argument made by every appellant.” Troy Corp. v. Browner, 129 F.3d 1290 (D.C. Cir. 1997). But disbarment orders are serious business. In reviewing them, we owe attorneys a thorough treatment of their arguments, however unpromising. I have written separately with that in mind.